Allen, P.
These five cases present substantially the same question, and were argued and may be considered together. They were presentments found against the several plaintiffs in error for selling ardent spirits to different slaves of John H. Johnson, without the written consent of the master. The parties having appeared and pleaded not guilty, the court proceeded to hear and determine the cases without a jury, and rendered judgment in each case for twenty dollars, *715 the fine imposed by law, and the costs of prosecution. From the certificate of facts in each case, it appeared that the commonwealth proved the sale of the ardent spirits, as charged in the presentment; and thereupon the plaintiffs in error in their defense produced a writing, proved to have been executed and delivered to them by the owner of the slaves, authorizing them to sell to his slaves, or any of them, merchandise or liquor, upon the responsibility of the slaves purchasing. The sale in each instance was made some months after the date of the writing; and the only question is, whether the master could give such a general authority to sell to his slaves, so as to protect the seller from the penalties of the law.
The prosecutions were founded on the Code, ch. 104, § 1, p. 459, which provides, that if any person sell wine, &c. to a slave without the written consent of his master, he shall forfeit to his master four times the value of the thing sold, and also pay a fine of twenty dollars. There is nothing in the terms of the act which requires a special written consent for each act of selling. The law, though intended to guard the interests of the public, did so through the interests of the owner. He is the party most interested in preventing his slaves from purchasing ardent spirits, or dealing in other articles with third persons; for he is the party most likely to be injured by such acts. When therefore he gives his written consent, whether general or limited, the requisitions of the law would seem to be satisfied, even if no other forfeiture than the fine to the commonwealth were incurred. But the act, in addition to the fine to the commonwealth, subjects the offender to a forfeiture to the master of four times the value of the thing sold. The written consent was given in such general form to relieve the owner from the trouble of giving such consent in writing for every purchase or sale provided for in the *716 first and second sections of the law under consideration. He intended it as a consent to any sale as long as the authority was unrevoked, and could not be injured by the seller doing what he had expressly permitted. But unless the selling was such a violation of Ms rights as master, as subjected the seller to the forfeiture to the amount of four times the value of the thing sold, no offense was committed against the public. The act complained of must subject the offender to the forfeiture as well as the fine. And if no injury is done to the owner, there is no offense against the public; for the injury to the community grows out of the improper dealing with the slave without the owner’s consent. I think that upon the facts certified* no offense was committed; and that judgment should have been rendered discharging the plaintiffs in error from the prosecution.
The other judges concurred in the opinion of Allen, P.

Judgment reversed,, and entered for the appellant.